JUDGE GARDEPHE

**13 CV 1742**

Elizabeth Adels (EA 0848)
Michael Giordano (MG 1861)
McDONNELL & ADELS PLLC
401 Franklin Avenue
Garden City, New York 11530
(516) 328-3500

*Counsel for Plaintiff State Farm Mutual Automobile Insurance Company*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Plaintiff,

   -against-

PETER ALBIS,
MINERVA SANTOS, M.D., PLLC d/b/a
PREMIER HEALTH CHOICE
and PREMIER HEALTH CHOICE MEDICAL, P.C.,

                    Defendants.
-----------------------------------------------------------------x

Docket No.: _____ ( )

13 CV 1742 "ECF CASE"

**Plaintiff Demands a Trial by Jury**

## COMPLAINT

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm" or "Plaintiff"), as and for its Complaint against the Defendants, hereby alleges as follows:

### NATURE OF THE ACTION

1.    This action seeks to recover more than $438,871.73 that the Defendants wrongfully obtained from State Farm by submitting, and causing to be submitted, claims for no-fault reimbursement for medical services allegedly provided by Minerva Santos,

M.D., PLLC d/b/a Premier Health Choice ("Premier PLLC") and Premier Health Choice Medical, P.C. ("Premier PC") (together, the "Premier entities") to individuals who were involved in automobile accidents and eligible for insurance coverage under State Farm insurance policies ("Insureds").

2. However, the Premier entities are not really owned and controlled by a licensed medical doctor, as required by New York State law. The Premier entities are improperly licensed New York medical professional entities actually owned and controlled by defendant Peter Albis, D.C. ("Albis"), who is not a licensed physician. The Premier entities have been nominally owned on paper by Minerva Santos, M.D. ("Dr. Santos"), but in actuality always have been owned and controlled by Albis.

3. As discussed below, (i) Dr. Santos never truly owned or controlled the Premier entities, through which all charges for medical services have been submitted; (ii) the Premier entities always have been secretly owned and controlled by Albis who is not licensed to practice medicine; and (iii) the financial and operational relationships between the Premier entities and Albis have been created to allow non-physicians to secretly own and control the Premier entities. As such, the Defendants do not have and have never had any right to be compensated for the no-fault medical services they billed through the Premier entities to State Farm and other insurers, because they have always been unlawfully incorporated, organized, owned and/or controlled by Albis.

4. As a result, every bill that the Defendants have submitted or caused to be submitted to State Farm has violated New York Insurance Law § 5102(a)(1) and 11 N.Y.C.R.R. § 65-3.16(a)(12).

5. As set forth below, the Defendants' scheme, which is primarily and inherently unlawful, was designed to, and did in fact result in the payment of no-fault benefits by State Farm to, or on behalf of, the Premier entities as State Farm reasonably relied upon the Defendants' representations that the Premier entities were in compliance with New York law.

6. By this Complaint, State Farm seeks (i) to recover more than approximately $438,871.73 it was caused to wrongfully pay to the Premier entities and (ii) a declaration that Defendants have no right to receive payment of the approximately $158,924.39 in unpaid bills submitted by the Premier entities.

## THE PARTIES

### I. Plaintiff

7. Plaintiff State Farm, is an Illinois corporation, with its principal place of business in Bloomington, Illinois. State Farm is authorized to conduct business and to issue automobile insurance policies in New York.

### II. Defendants

8. Defendant Albis resides in and is a citizen of New York. Albis has been a licensed chiropractor in New York since 1998. Albis is not and never has been licensed to practice medicine. Nonetheless, Albis has secretly owned and controlled the Premier entities since 2005 in contravention of New York law.

9. Defendant Premier PLLC is a New York medical professional limited

liability company ("PLLC") allegedly owned by Dr. Santos, with its principal place of business in New York and an initial filing date of August 3, 2005. Premier PLLC billed State Farm for services rendered at 665 Pelham Parkway North, Bronx, New York (the "Bronx location") and 1730 Central Park Avenue, Yonkers, New York (the "Yonkers location").

10. Defendant Premier PC is a New York medical professional corporation ("PC") allegedly owned by Dr. Santos, with its principal place of business in New York and an initial filing date of January 12, 2010. Premier PC replaced Premier PLLC at the Bronx location and the Yonkers location.

## III. Other Relevant Individuals/Entities Not Named As Defendants

11. Dr. Santos is not a party to this litigation. Dr. Santos is a physician who has been licensed to practice medicine in New York since 1988. Dr. Santos has served as the nominal or "paper" owner of Premier PLLC since 2005 and of Premier PC since its formation in 2010. Dr. Santos maintains a private medical practice in Shrub Oak, New York without the involvement of Albis.

12. PDA Medical Billing & Consulting, Ltd. ("PDA") is not a party to this litigation. PDA is a medical billing company owned and controlled by Albis that purports to provide services to or on behalf of the Premier entities. In fact, PDA has been created and used as a vehicle to permit Albis to illegally own and control the Premier entities. PDA does not provide services to or on behalf of Dr. Santos' private medical practice in Shrub Oak, New York.

13. Dynamic Health Care, Inc. ("Dynamic") is not a party to this litigation. Dynamic is a company owned and controlled by Albis that was created and used by Albis as a vehicle to permit him to illegally own and control the health care providers operating at the Bronx location and the Yonkers location prior to the formation of the Premier entities.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. In addition, the Court has supplemental jurisdiction over the subject matter of the claims asserted in this action pursuant to 28 U.S.C. § 1367 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Southern District of New York is where one or more of the defendants reside and because this is the District where a substantial amount of the activities forming the basis of the Complaint occurred.

## ALLEGATIONS COMMON TO ALL CLAIMS

### I. An Overview of the No-Fault Laws

16. State Farm underwrites automobile insurance in New York.

17. Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Insurance Law § 5101, *et al*) and related regulations (11 N.Y.C.R.R. § 65, *et*

*seq.*) (collectively referred to herein as the "No-Fault Laws"), automobile insurers are required to provide up to $50,000 for their legitimate economic losses ("No-Fault Benefits") to Insureds.

18. Under the No-Fault Laws, injured persons can assign their rights to No-Fault Benefits to the health care providers that treat their injuries. Pursuant to these assignments, these health care providers may submit claims for payment directly to an insurance company, such as State Farm, and receive payment for necessary medical services, using the claim form required by the New York State Department of Insurance (known as the "Verification of Treatment by Attending Physician or Other Provider of Health Service", or, more commonly, as an "NF-3").

19. Pursuant to the No-Fault Laws, improperly licensed professional entities are not eligible to bill for or receive No-Fault Benefits. New York law is clear that if a health care provider fails to meet any applicable New York State or local licensing requirement, that health care provider is not eligible to collect no-fault benefits. Insurance Regulation 11 N.Y.C.R.R. §65-3.16(a)(12) provides:

> A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.

20. In New York, only a licensed physician may (i) practice medicine; (ii) own or control a professional service corporation authorized to practice medicine; (iii)

employ and supervise other physicians; or (iv) derive economic benefit from physician services.

21. The 1990s marked the beginning of an explosion in abuse and exploitation of the no-fault system, a fact which New York courts have noted on multiple occasions. See e.g. Matter of Medical Society of New York v. Serio, 100 N.Y.2d 854, 768 N.Y.S.2d 423 (2003); Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co., 31 Misc.3d 21, 919 N.Y.S.2d 759 (App. Term 2011); In Re Bergamo Med. P.C., 17 Misc.3d 182, 840 N.Y.S.2d 709 (Sup. Ct. Kings Co. 2007). On May 1, 2012, the Department of Financial Services announced that it was expanding its efforts to combat the abuse which is pervasive in the no-fault system, proposing new regulations designed to curb the submission of illicit claims by "no-fault mills."

22. Far from being legitimate health care providers, these no-fault mills are often controlled by individuals who are not appropriately licensed health care practitioners. The Premier entities are one such operation.

## II.     The Premier Entities are Ineligible to Bill for or to Collect No-Fault Benefits

23. The Premier entities are improperly licensed health care providers as they are actually owned and controlled by Albis, a chiropractor, who is not legally allowed to own a medical practice. Under New York State law, a professional medical entity may only be owned, operated and/or controlled by a licensed medical doctor. Bus. Corp. Law §§ 1503, 1507; Limited Liability Company Law §§ 1203, 1207; 11 N.Y.C.R.R. §65-3.16(a)(12).

24.     Dr. Santos has never had any true ownership interest in or control over the Premier entities. True ownership and control over the Premier entities has rested at all times entirely with Albis, who has used the facade of the Premier entities to do indirectly what he is forbidden from doing directly, namely to: (1) employ physicians, physical therapists and other licensed health care professionals; (ii) control their practices; and (iii) derive a financial benefit from their services.

## ALBIS UNLAWFULLY OWNS AND CONTROLS PREMIER PLLC

25.     Prior to the formation of Premier PLLC, Albis set up the offices, equipment and staff at both the Bronx and the Yonkers locations and designed and implemented the treatment protocol rendered to each patient at the Bronx and the Yonkers locations.

26.     The management and operation of the Bronx and Yonkers locations were firmly controlled by Albis both before and after Premier PLLC was formed. Because the infrastructure of the Bronx office and Yonkers office was already in place, including the existing physical therapy equipment that belonged to Albis, Dr. Santos did not invest any money or secure any loans to establish the practice of Premier PLLC. Premier PLLC's telephone number at each treatment location was already established and belonged to Albis.

27.     After its formation, Albis controlled the day-to-day operations of Premier PLLC. Albis is a co-signatory on Premier PLLC's bank accounts and writes checks at will from those accounts.

8

28. Dr. Santos entered into a lease with Albis for the use of the previously established Yonkers and Bronx offices, which included the use of the space and existing physical therapy equipment owned by Albis. Albis paid the rent from a check drawn on Premier PLLC's bank accounts that he wrote and signed.

29. Albis handled all of the marketing, billing and collections for Premier PLLC through his company, PDA. Albis paid PDA from a check drawn on Premier PLLC's bank accounts that he wrote and signed.

30. Premier PLLC employed the office manager and administrative staff previously employed by Albis, PDA and/or Dynamic.

31. Premier PLLC also employed a physical therapist and physical therapy assistant who had previously worked for Albis.

32. To further conceal Albis' ownership and control of Premier PLLC, Albis became an employee of Premier PLLC in 2007 and continued to control the day-to-day operations of Premier PLLC.

### ALBIS UNLAWFULLY OWNS AND CONTROLS PREMIER PC

33. Albis continued to be paid as an employee of Premier PC when it was formed in 2010 to replace Premier PLLC. However, the degree of Albis' control over Premier PC contradicts his status as an "employee." As he had for Premier PLLC, Albis controlled the day-to-day operations of Premier PC. Dr. Santos has never been a true shareholder, director or officer of Premier PC, and has never had any true ownership

interest in or control over the professional corporation. True ownership and control over Premier PC has rested at all times entirely with Albis.

34. Albis is a co-signatory on Premier PC's bank accounts and writes all of the checks drawn on the accounts at will.

35. Albis, not Dr. Santos, signed the leases for space used by Premier PLLC at the Bronx location and the Yonkers location.

36. Albis's company PDA, handles the marketing, billing and collections for Premier PC. Albis pays PDA from a check drawn on Premier PC's bank accounts that he writes and signs.

37. Albis is present on a daily basis at the Bronx location and Yonkers location but Dr. Santos is not. Dr. Santos' true medical practice is in Shrub Oak, New York while the unlicensed Albis controls the Yonkers and Bronx locations used by Premier PC.

38. Dr. Santos' lack of involvement with the management and operations of the Premier entities is illustrated by examples from Dr. Santos' examination under oath testimony:

    A. Dr. Santos is rarely at the Bronx location and has not been to the Yonkers location since 2009, before Premier PC was formed.

    B. Dr. Santos is unaware that other health care providers treat the same patients as the Premier entities at the Yonkers location even though State Farm has received billing in the same claims for physical therapy, acupuncture, chiropractic and psychological treatment rendered to the same patients at the Yonkers location.

    C.    According to Dr. Santos, the Premier entities only render physical therapy because her involvement is so limited that she is not present to provide the follow-up and emergency care required of a medical practice.

39. In contrast to his complete control of the Bronx location and Yonkers location used by the Premier entities, Albis has no involvement with Dr. Santos' Shrub Oak, New York medical practice. Dr. Santos' Shrub Oak, New York medical office has never utilized the services of Albis' companies, Dynamic or PDA. Albis is not a co-signatory on the bank account for the Shrub Oak, New York medical office. Dr. Santos, not Albis, signed the lease for the Shrub Oak, New York medical office.

40. The Premier entities are improperly licensed health care providers as they are actually owned and controlled by the unlicensed Albis. All charges billed to State Farm by the Premier entities for professional health services fail to qualify as compensable "basic economic loss" under the No-Fault Laws.

## AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST THE PREMIER ENTITIES
### (Declaratory Judgment—Corporate Practice of Medicine)

41. State Farm repeats and realleges each and every allegation contained in Paragraphs "1" through "40" of this complaint as if fully set forth at length herein.

42. There is an actual case in controversy between State Farm and the Defendants relating to the Premier entities billing for health care services under the No-Fault Laws.

43. The Premier entities are not entitled to payment for No-Fault Benefits for professional health services as they have not complied with New York State licensing requirements in that they are actually owned and/or controlled by the unlicensed Albis.

44. New York law bars individuals such as Albis, who is not a medical doctor, from controlling, exercising undue influence over or deriving economic benefit from a medical practice. Albis' ownership and control of a medical practice violates, among other things, Business Corporation Law §§ 1503, 1507; Limited Liability Company Law §§ 1205, 1207; and Education Law §§ 6509, 6512, 6530(19).

45. To be a lawful owner of a PC or a PLLC two requirements must be met: (i) a person must be appropriately licensed; and (ii) actually engaged in the practice of his or her profession in such PC or PLLC. Business Corporation Law § 1507; Limited Liability Company Law § 1207. In this case, neither requirement has been met and the Premier entities are not eligible for no-fault reimbursement. 11 NYCRR 65-6.15(a)(12).

46. Accordingly, State Farm requests a judgment pursuant to, *inter alia*, 28 U.S.C. §§ 2201 and 2202 *et seq.*, declaring that (i) the Premier entities are unlawfully incorporated or organized and are not entitled to collect No-Fault Benefits for any charges which they have submitted to State Farm; and (ii) State Farm is not obligated to pay the Premier entities or any of their patients for any health services purportedly rendered by the Premier entities.

## AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST ALL DEFENDANTS
(Unjust Enrichment)

47. State Farm repeats and realleges each and every allegation contained in Paragraphs "1" through "46" of this complaint as if fully set forth at length herein.

48. As set forth above, Defendants have engaged in improper, unlawful and/or unjust acts, all to the harm and detriment of State Farm.

49. When State Farm paid the bills and charges submitted by the Premier entities for No-Fault Benefits, State Farm reasonably believed that it was legally obligated to make such payments based on the Defendants' improper, unlawful and/or unjust acts.

50. State Farm's payments constituted a benefit which the Defendants voluntarily accepted notwithstanding their improper, unlawful and unjust billing scheme.

51. Defendants' retention of State Farm's payments violates fundamental principles of justice, equity and good conscience.

52. By reason of the above, the Defendants have been unjustly enriched in an amount to be determined at trial, but in no event less than the sum of $438,871.73.

## JURY DEMAND

53. Pursuant to Federal Rule of Civil Procedure 38(b), State Farm demands a trial by jury.

WHEREFORE, State Farm demands judgment against the Defendants as follows:

A.  On the first cause of action, awarding State Farm a declaratory judgment, determining and declaring that (i) the Premier entities are unlawfully incorporated and/or organized and are not entitled to collect No-Fault Benefits for any charges which they have submitted to State Farm; (ii) State Farm is not obligated to pay the Premier entities, their assignors or their patients for any health services purportedly provided by the Premier entities; and (iii) the Premier entities are enjoined from submitting to State Farm any request for payment for any professional health care service, and initiating or prosecuting against State Farm any legal proceedings, including arbitration proceedings, seeking payment for any such services;

B.  On the second cause of action, awarding State Farm a sum to be determined at trial, but in no event less than $438,871.73, with interest thereon, against Albis, Premier PLLC and Premier PC jointly and severally;

C.  Awarding State Farm its costs and attorneys' fees in bringing this action together with such other and further relief as to this Court deems just and proper.

Dated: Garden City, New York
       March 12, 2013

McDONNELL & ADELS, PLLC

By: _____
Elizabeth Adels (EA 0848)
Michael Giordano (MG 1861)
401 Franklin Avenue
Garden City, New York 11530
Telephone:   (516) 328-3500
Facsimile:   (516) 328-3697

*Counsel for Plaintiff*
*State Farm Mutual Automobile Insurance Company*

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

Docket No. :13 CIV 1742

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiffs,

— against —

PETER ALBIS, MINERVA SANTOS, M.D., PLLC d/b/a  
PREMIER HEALTH CHOICE  
and PREMIER HEALTH CHOICE MEDICAL, P.C.,

Defendants.

---

## COMPLAINT

---

**McDONNELL & ADELS, PLLC**  
Attorneys at Law  
Attorneys for PLAINTIFFS  
Office and Post Office Address, Telephone  
401 Franklin Avenue  
Garden City, NY 11530  
(516) 328-3500

---

To  
    Attorney(s) for Plaintiff

---

Service of a copy of the within ^ is hereby admitted

Dated,  
                                        .........................................................................  
                                        Attorney(s) for ^

---

Please take notice

☐ Notice of entry  
that the within is a *(certified)* true copy of a  
duly entered in the office of the clerk of the within named court on

☐ Notice of Settlement  
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges  
of the within named court, at ^  
on ^

Dated,  
^

To ^

                                                   Yours, etc.  
                                                   **McDONNELL & ADELS, PLLC**  
                                                   Attorneys at Law  
                                                   *Attorneys for PLAINTIFFS*  
                                                   401 Franklin Avenue  
                                                   Garden City, NY 11530  
                                                    516 328-3500